## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES FORD, | : | 3:08cv1970(WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID M. LORE, | : | |
| TRANSPORTATION CO., | : | |
| CITY OF NEW BRITAIN, | : | |
| NEW BRITAIN HOUSING AUTHORITY, | : | |
| NEW BRITAIN POLICE DEPARTMENT, | : | |
| NEW BRITAIN EMERGENCY MEDICAL | : | |
| SERVICES FOUNDATION, RICHARD | : | |
| BLUMENTHAL, HEALTH & HUMAN | : | |
| SERVICES, HEALTH CARE FRAUD, | : | |
| CONSUMER PROTECTION, | : | |
| ENVIRONMENT TRANSPORTATION, | : | |
| BANK'S WELFARE WORKER'S, | : | |
| WRIT, SUPERIOR COURT, | : | |
| DATTCO, INC., DATTCO | : | |
| SCHOOL BUS DIVISION, | : | |
| MANDAMUS BLOOD LABS, | : | |
| HARTFORD RISK INSURANCE, | : | |
| PRUDENTIAL FINANCIAL | : | |
| INSURANCE, | : | |
| Defendants. | : | |

## RULING ON MOTIONS TO DISMISS

Plaintiff Charles J. Ford, who has filed his complaint pro se, alleges claims

arising from an incident that occurred on May 11, 2000 while he was boarding a New

Britain Transit Bus.  Plaintiff claims that the bus driver, defendant David Lore, shut the

doors on him while he was attempting to board the bus.

Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted

leave to proceed in forma pauperis in this action. The motions to dismiss filed by New

Britain Housing Authority, New Britain Emergency Medical Services Foundation, Dattco Inc., Dattco School Bus Division, New Britain Police Department, City of New Britain and Prudential Financial Insurance will be granted.  Because plaintiff's claims cannot be sustained, the case will also be dismissed, <u>sua</u> <u>sponte</u>, against any defendant who has not filed a motion to dismiss.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915 (e)(2)(B).  An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." <u>Nance v. Kelly</u>, 912 F. 2d 605, 606 (2d Cir. 1990).  A claim is based on an indisputably meritless legal theory when the claim lacks an arguable basis in law.  <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990).

The Court is mindful that it must construe <u>pro</u> <u>se</u> complaints liberally.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   However, the Court finds that the doctrine of res judicata and plaintiff's failure to state a claim compel dismissal of this action.

Under res judicata, once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose.  <u>Maharaj v. Bankamerica Corp.</u>, 128 F. 3d 94, 97 (2d Cir. 1997).  This principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant.  <u>L-Tec Elecs. Corp. v. Cougar</u>

2

Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir.1999) (Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence).

Plaintiff first brought an action based on the identical facts in state court that was removed to federal court.  In that action, plaintiff named the City of New Britain, New Britain Police Department, New Britain Transportation Company and its employee, David Lore, and New Britain Emergency Medical Services.   These claims were dismissed due to plaintiff's failure to allege factual allegations that stated any viable federal claims and due to the Court's lack of diversity jurisdiction over any state claims.[1] The Second Circuit affirmed the dismissal.

Subsequently, plaintiff filed another action in Connecticut superior court against New Britain Transportation Company.  The superior court disposed of that action by granting summary judgment.

Here, the pending claims arise from the same transaction as that alleged in the action previously dismissed by this Court and are now barred by res judicata.  The action will be dismissed against City of New Britain, New Britain Police Department, New Britain Transportation Company and its employee, David Lore, and New Britain Emergency Medical Services.

The complaint will also be dismissed as to the remaining defendants for failure to state a viable claim.  Plaintiff's pleadings fail to give fair notice to defendants as to the nature of the claims against them.  Plaintiff's complaint does not allege conduct giving rise to any federal cause of action and is largely an indecipherable string of unrelated

---

[1]The Court declined to entertain supplemental jurisdiction.

3

nouns and phrases.  Accordingly, the Court will dismiss the complaint against all defendants pursuant to Section 1915(e).

### **CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions to dismiss filed by New Britain Housing Authority, New Britain Emergency Medical Services Foundation, Dattco, Inc, Dattco School Bus Division, New Britain Police Department, City of New Britain, and Prudential Financial Insurance [docs. # 18, 21, 34 and 44].  The Court DISMISSES sua sponte the complaint against the remaining defendants.  The clerk is instructed to close this case.


_____/s/_____
Warren W. Eginton, Senior U.S. District Judge
_____


Dated at Bridgeport, Connecticut this 16th day of September, 2009.


4